UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICK WILLIS,

                              Plaintiffs,

            -against-

THE CITY OF NEW YORK and "JOHN DOE" POLICE
OFFICERS INDIVIDUALLY TRUE NAMES
UNKNOWN,

                              Defendants.

**ANSWER**
**07 Civ. 9240 (DLC)**

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

        6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff was arrested by New York City Police Officers on or about August 16, 2006.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff purports to seek relief as set forth therein.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court and proceed as set forth therein.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of this Court as set forth therein.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

20. Paragraph "20" of the complaint set forth legal conclusions, rather than averments of fact, and accordingly, no response is required.

21. Denies the allegations set forth in paragraph "21" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about November 6, 2006.

22. Denies the allegations set forth in paragraph "22" of the complaint, except admits that the Comptroller's Office of the City of New York received a purported Notice of Claim on or about November 6, 2006 and that this purported claim has not been settled or adjusted.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admits that this action was commenced on or about October 16, 2007.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether plaintiff's apartment was searched by police officers.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Paragraph "37" of the complaint sets forth a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

38. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

39. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

41. There was probable cause and/or reasonable suspicion for plaintiff's arrest, detention, or prosecution, and any search conducted of plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

42. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

43. Plaintiff provoked any incident.

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 2, 2008

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                           City of New York
                         *Attorney for Defendant*
                         100 Church Street, Room 3-137
                         New York, New York 10007
                         (212) 788-9790

                         By: _____/s/_____
                            Amy N. Okereke
                            Assistant Corporation Counsel
                            Special Federal Litigation Division


TO:   Arlen S. Yalkut, Esq.
      Yalkut & Israel Esqs.
      *Attorneys for Plaintiff*
      175 Main Street, Suite 410
      White Plains, New York 10601 (via E.C.F. and first class mail)

## DECLARATION OF SERVICE BY MAIL

I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on JANUARY 2, 2008, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiffs for that purpose:

Arlen S. Yalkut, Esq.
Yalkut & Israel Esqs.
*Attorneys for Plaintiff*
175 Main Street, Suite 410
White Plains, New York 10601

Dated: New York, New York
January 2, 2008

/s/
AMY N. OKEREKE
ASSISTANT CORPORATION COUNSEL

Index No. 07 Civ. 9240 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK WILLIS,

                                      Plaintiffs,

                     -against-

THE CITY OF NEW YORK, et al.,

                                     Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Amy N. Okereke*
*Tel: (212) 788-9790*

*Due and timely service is hereby admitted.*

*New York, N.Y.................................................................................., 200...*

*................................................................................................ Esq.*

*Attorney for............................................................................................*